**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TIMOTHY J. LEVI,

        *Petitioner-Appellant,*

v.

RONALD L. KING, Warden; ATTORNEY
GENERAL OF THE COMMONWEALTH OF
VIRGINIA,

        *Respondents-Appellees.*

No. 00-7362

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-98-1219-AM)

Submitted: May 15, 2001

Decided: June 1, 2001

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Timothy J. Levi, Appellant Pro Se. Robert H. Anderson, III, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Vir-
ginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Timothy Levi appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). In that petition, Levi raised both his trial counsel's and appellate counsel's alleged ineffectiveness as a basis for challenging the validity of his detention. However, for the following reasons, we dismiss Levi's appeal.

First, Levi's claim that his trial counsel was ineffective for failing to explore whether the investigating officer lied about the existence of a photograph of the crime scene is procedurally barred. As a general matter, a habeas petitioner may obtain habeas corpus relief under § 2254 only if he has first exhausted the remedies available to him in state court by raising his claims before the highest state court with jurisdiction to consider them. *See* § 2254(b)(1)(A). Because Levi failed to raise this ineffective assistance of counsel claim in either of his state habeas petitions, he is precluded from raising this ineffective assistance of counsel claim in federal court. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986); *Mackall v. Angelone*, 131 F.3d 442, 446 n.9 (4th Cir. 1998) (en banc).

Second, although the district court did not address Levi's ineffective assistance of counsel claim predicated on his appellate counsel's alleged failure to pursue a discretionary appeal to the Supreme Court of Virginia, we find that neither the district court's oversight nor Levi's claim would entitle Levi to relief. As a preliminary matter, the district court's failure to address this claim only requires reversal if no independent basis for affirming its implicit denial may be found. *See Brewster of Lynchburg, Inc. v. Dial Corp.*, 33 F.3d 355, 367 (4th Cir. 1994). Although Levi satisfied the exhaustion requirement by presenting this claim to the Supreme Court of Virginia in a habeas petition, that court sustained the respondent's motion to dismiss

Levi's petition on the basis that Levi had not retained his appellate counsel to pursue a second-tier appeal, as supported by an affidavit of Levi's appellate counsel. Because that court's factual determination on this claim was not unreasonable in light of that affidavit, *see* § 2254(d)(2), and has not been rebutted by clear and convincing evidence, *see* § 2254(e)(1), this court is bound to accept that factual determination as true. *Howard v. Moore*, 131 F.3d 399, 406 (4th Cir. 1997) (citing *Sumner v. Mata*, 449 U.S. 539, 547 (1981)).

Finally, because the foregoing indicates that Levi could allege no additional facts that, if true, would entitle him to relief, the district court's dismissal of his habeas petition without an evidentiary hearing was not erroneous. *See McCarver v. Lee*, 221 F.3d 583, 597-98 (4th Cir. 2000). Accordingly, we deny Levi a certificate of appealability and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*